104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Ricardo JARAMILLO; David Santamaria; Ruben Libreros;
Roger Chinchilla; Eugenio Melo; Arturo Aviles;
Pedro Molano; Ferdinando Diaz; Dario
Bolivar; and Clara Inez
Plaza, Dedendants,
Alvaro Stalin Casanova, Defendant-Appellant.
 No. 96-1111.
 United States Court of Appeals, Second Circuit.
 Sept. 26, 1996.
 
 Appearing for Appellant: Harriet B. Rosen, New York, NY.
 Appearing for Appellee: Bonnie S. Klapper, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY.
 Present MESKILL, WINTER, CABRANES, Circuit Judges.
 
 
 1
 Alvaro Stalin Casanova appeals from the sentence imposed by Judge Hurley, following a plea of guilty to one count of using a telephone to facilitate the commission of a narcotics offense, in violation of 21 U.S.C. § 843(b). He received a sentence of 48 months incarceration, followed by one year of supervised release and a $50 special assessment. The sentence is to run consecutive to a 46-month sentence previously imposed for conspiracy to import heroin.
 
 
 2
 Casanova argues that Judge Hurley erred in ordering a consecutive sentence under § 5G1.3 of the Sentencing Guidelines. We disagree.
 
 
 3
 Casanova's plea agreement bars him from challenging a consecutive prison term. Section 2 of his plea agreement states in part, "The defendant acknowledges that the government will request that any sentence imposed by the Court run consecutive to the sentence the defendant currently is serving. The defendant further agrees that he will not oppose such a request." Casanova waived this right knowingly and voluntarily. Cf. United States v. Ready, 82 F.3d 551, 556 (2d Cir.1996) (waiver of constitutional right in plea agreement must be knowing and voluntary). At the hearing where Casanova entered his plea of guilty, Judge Hurley exercised great care in making sure Casanova understood that he was waiving any ability to oppose a concurrent sentence. Judge Hurley twice asked Casanova if he understood that "the sentence imposed would run consecutively or be added onto the sentence that you're presently serving." Both times Casanova replied, "Yes, your Honor."
 
 
 4
 Casanova argues that because counsel made numerous arguments for concurrent terms of imprisonment at sentencing and the government did not object, the government failed to preserve its objection for appeal. We disagree, as the government did object in a September 27, 1995 letter sent to the court prior to sentencing. The letter, attempting to clarify the court's understanding of the plea agreement and its deportation terms in anticipation of the forthcoming hearing, stated "in his plea agreement, the defendant specifically agrees not to object to the imposition of a consecutive sentence."
 
 
 5
 Casanova further argues that because the plea agreement does not limit the court's discretion to impose a concurrent sentence, the agreement does not bar him from challenging the court's exercise of discretion. However, while the agreement does not affect the court's ability to impose concurrent sentences, it explicitly precludes the defendant from challenging a consecutive sentence. Casanova agreed to accept a consecutive sentence as part of his plea bargain. This agreement would be meaningless if we allow him to challenge the court's decision to impose such a sentence.
 
 
 6
 We therefore affirm.